UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES SINGER,<br><br>  Plaintiff,<br><br>  v.<br><br>R.C. WILLEY HOME FURNISHINGS, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-00291-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re:  ECF No. 38**<br><br>**Plaintiff's Motion to Amend** |

Pending before the Court is Plaintiff's Motion for Leave to File First Amended Complaint (the "Motion"). ECF No. 38. The Court has considered Plaintiff's Motion as well as Defendants' Responses (ECF Nos. 41, 43) and Plaintiff's Replies (ECF Nos. 44, 45).

I.  **BACKGROUND**

This case commenced on February 16, 2022 when Plaintiff filed suit against Defendants R.C. Willey Home Furnishings ("RC Willey"), Richland Holdings, Inc. ("Richland"), Experian Information Solutions, Inc. ("Experian"), and TransUnion LLC ("TransUnion"). ECF No. 1. Plaintiff asserted violations of Sections 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA") against all Defendants, Section 1681s-2(b) of the FCRA against RC Willey and Richland, and Section 1692e(8) of the Fair Debt Collection Practices Act against Richland. *Id.* at 8-16. Plaintiff demanded declaratory judgment, payment of multiple forms of monetary damages, costs, and attorneys' fees. *Id.* at 17. On April 13, 2022, Richland filed a Motion to Dismiss. ECF No. 21. Prior to Richland's Motion to Dismiss being decided, Plaintiff settled with TransUnion and Experian, and these two defendants were dismissed from this case in May and September 2022, respectively. ECF Nos. 29, 36. The credit reporting agencies' dismissal left RC Willey and Richland as the two remaining Defendants.[1]

---

[1]   Any reference to "Defendants" herein is to RC Willey and Richland only.

1

On December 9, 2022, the Court granted Richland's Motion to Dismiss. ECF No. 37. In his proposed amended complaint, described *infra*, Plaintiff attempts to revive one of his claims against Richland. After Plaintiff filed his Motion to Amend on January 12, 2023, RC Willey filed a Motion for Judgment on the Pleadings that is fully briefed and pending before the Court. ECF No. 42.

## II.   MOTION AND RESPONSES

### A.   <u>Plaintiff's Motion for Leave to File an Amended Complaint</u>.

Plaintiff argues that his request for leave to amend his Complaint is brought in good faith as he seeks to remedy deficiencies identified by the Court in its Order granting Richland's Motion to Dismiss. ECF No. 38 at 8. Plaintiff says he is not attempting to prolong the litigation but is instead clarifying the impact that Defendants' inaccurate reporting had on Plaintiff's credit score and history. *Id.* Plaintiff contends the double reporting by Defendants caused him harm and, under the FCRA, is "misleading." *Id.* Plaintiff asserts that as Richland's Motion to Dismiss was granted on December 9, 2022 (ECF No. 37) and the Motion to Amend was filed on January 12, 2023, there has been no undue delay. *Id.* at 9. Plaintiff says his counsel was addressing a family emergency around the time the Motion to Dismiss was granted and, even with the difficulties associated with that emergency, the Motion was timely filed. *Id.* Plaintiff also asserts discovery is not closed, a trial date is not set, and the proposed amended complaint does not add new parties. *Id.* at 9-10.

Because Plaintiff's proposed amended complaint is largely similar to his original Complaint, Plaintiff argues Defendants will not be prejudiced if the Court grants Plaintiff's Motion. *Id.* at 10. Specifically, because Defendants will not have to engage in any new discovery, since no discovery has been conducted, Plaintiff contends there will be no prejudice to Defendants. *Id.* at 11. Plaintiff asserts his proposed amended complaint is not futile as it includes new details concerning the misleading nature of Defendants' reporting, which addresses a central factor in the Court's decision to grant Richland's Motion to Dismiss. *Id.* at 12 *citing* ECF No. 37 at 7. Finally, Plaintiff states this is the first time he has proposed an amended complaint, and that he brings no new claims and adds no new parties; thus, leave to amend should be granted. *Id.* at 12-13.

B.     RC Willey's Response.

RC Willey argues Plaintiff's Motion should be denied because the proposed amended complaint is futile on its face. ECF No. 41 at 3. RC Willey focuses on the Court's Order granting Richland's Motion to Dismiss in which the Court found (1) there was no alleged factual inaccuracy in the information provided by Defendants to the credit reporting agencies, and (2) there was no failure by Defendants to investigate when it was undisputed that the information provided to the credit reporting agencies was accurate. *Id.* at 4. RC Willey says Plaintiff's new allegation is that a computer algorithm might not be able to make sense of the two tradelines entered by RC Willey and Richland, respectively. *Id.* at 5. RC Willey contends the FCRA requires furnishers of information to provide accurate information to credit reporting agencies that is not misleading to a "reasonable reader." *Id.* RC Willey argues that it, as a furnisher, is not responsible if an algorithm does not act as a "reasonable reader" and wrongly interprets a properly reported debt. *Id.* at 5-6.

RC Willey submits that regardless of any potential problems for Plaintiff with a future malfunctioning algorithm, Plaintiff still fails to allege any inaccuracies in the information RC Willey provided to the credit reporting agencies. *Id.* at 6. Without this key allegation, RC Willey contends Plaintiff fails to state a claim under the FCRA either for reporting inaccurate information to the credit reporting agencies or for failing to conduct a reasonable investigation into the same. *Id.*

C.     Richland's Response.

Richland states Plaintiff's opposition to Richland's Motion to Dismiss did not oppose Richland's argument that leave to amend should be denied. ECF No. 43 at 2. Richland contends Plaintiff therefore waived his opportunity to rekindle his claims as established by United States District Court for the District of Nevada Local Rule 7-2(d). *Id.* at 3. Richland further supports this argument by pointing out that Plaintiff failed to request leave to amend in his response to Richland's Motion to Dismiss. *Id.* As the Court granted Richland's Motion to Dismiss—and discussed the legal standards for allowing amendment—Richland argues the question of potential amendment was addressed and should be rejected here. *Id.* citing ECF No. 37 at 3.

Richland submits that even if the Court were to consider the Motion to Amend on the merits, the proposed amendment is futile as Plaintiff does not cite any inaccuracy in his credit report. *Id.* at

3

4. Despite Plaintiff's attempt to add new twists to his argument, Richland says the heart of his claims is the same and, because the Court dismissed the claims, there is no basis for permitting the futile proposed amended complaint to be filed. *Id.* at 4-5.

Richland also says Plaintiff is attempting to transform the existing interpretation of the FCRA by changing the "reasonable person" standard established in controlling case law into an "automated computer algorithm system" standard. *Id.* at 6. Richland contends nowhere in the proposed amended complaint does Plaintiff show how a reasonable person or reader would be misled by the lawful reporting of Plaintiff's debts by Defendants. *Id.* Richland argues that Defendants, as furnishers of information, are not responsible for how that information is later interpreted by credit reporting agencies or lenders. *Id.* at 7. Because Plaintiff's proposed amended complaint is based on speculation and hypotheticals, Richland contends Plaintiff fails to state a cognizable claim for relief. *Id.* at 7-8. Richland adds there are no allegations bolstering Plaintiff's claim that Richland provided any inaccurate information, and there is Ninth Circuit case law holding that reporting of historically accurate information, including charge-offs, is not inaccurate or misleading under the FCRA. *Id.* at 8-9. Richland says Plaintiff still fails to allege that the information in the tradelines at issue is inaccurate. *Id.* at 9.

Richland also contends the Motion to Amend is a result of undue delay as Plaintiff repeatedly failed to seek leave to amend previously. *Id.* at 10. Richland states that since Plaintiff waited 34 days after the Court's ruling on the Motion to Dismiss and failed to request leave to amend as part of his opposition to that Motion, the Motion to Amend is untimely. *Id.* Although stating sympathy for Plaintiff's counsel's unexpected family emergency, Richland argues counsel did not act in an expedient fashion to file the Motion to Amend. *Id.* at 12. Richland asserts the instant Motion is a thinly veiled attempt at an untimely motion for reconsideration under Rule 59(e) and thus should be denied. *Id.* Finally, Richland contends Plaintiff's Motion to Amend has unduly prejudiced Richland because the delay in filing the instant Motion led to increased attorney's fees, expanded the scope of this litigation, and obligated Richland to conduct additional discovery. *Id.* at 12-13.

   **D.**  <u>Plaintiff's Replies</u>.

   Plaintiff reiterates that he is attempting to remedy the deficiencies in his original Complaint. ECF No. 44 at 2. Plaintiff states it is plausible that an algorithm could misread Plaintiff's credit score and render an erroneous decision on Plaintiff's credit worthiness all because of the double reporting of the alleged debt by the original creditor, RC Willey, and the third-party debt collector, Richland. *Id.* Plaintiff argues the double reporting by Defendants is misleading and, considering the latitude courts grant to parties seeking leave to amend, Plaintiff should be allowed to test his theory on the merits and not effectively dismissed at the pleading stage. *Id.* at 3. Plaintiff states the question of whether a computer algorithm can be labeled an "unreasonable reader" under the FCRA is not definitively answered and, therefore, Plaintiff deserves the chance to conduct discovery on the theory. ECF No. 45 at 4.

   Plaintiff also contends there was no undue delay in filing the instant Motion as only one month elapsed between the Court's order on Richland's Motion to Dismiss and the Motion to Amend being filed. ECF No. 44 at 3. In addition, unforeseen circumstances forced Plaintiff's counsel to be away from the office during two weeks of that time span and these events transpired during the holiday season. *Id.* at 3-4. Plaintiff states the Motion was filed as soon as feasibly possible. *Id.* at 4.

   With respect to Richland's argument that the Court's prior Order should be construed as dismissing Plaintiff's Complaint with prejudice, Plaintiff points out that the Court did not include such language in its Order. *Id.* Plaintiff also refutes Richland's assertion that it suffered undue prejudice as a result of Plaintiff's Motion, arguing the only addition to Plaintiff's original Complaint is more detail concerning the core allegations against the existing parties. *Id.* at 5. Plaintiff says there was only a slight amount of discovery conducted, and this is Plaintiff's first attempt at amendment. *Id.* at 5-6.

**III.** **PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

   Plaintiff's proposed amended complaint asserts Defendants violated Plaintiff's rights under the FCRA as each Defendant is a "furnisher" as contemplated by the FCRA. ECF No. 38-4 at 1, and ¶¶ 7-8. Plaintiff alleges that around June 2010 Plaintiff obtained credit from RC Willey and

subsequently incurred a debt in the amount of $1,531. *Id.* ¶¶ 14-15. At some point Plaintiff failed to make one or more payments on the debt, and the debt was placed with Richland for collection purposes. *Id.* ¶¶ 16-17. According to Plaintiff, Experian and TransUnion reported the debt twice under two tradelines and two different account numbers when only one debt existed. *Id.* ¶ 22. Plaintiff contends this inaccurate reporting could lead a prospective lender to come to an erroneous conclusion about the number of outstanding debts Plaintiff has and in what amounts. *Id.* ¶¶ 24-25. Plaintiff argues a computer algorithm, used by the credit reporting agencies, is unable to recognize the distinction between an original creditor (RC Willey) reporting a balance and the third-party debt collector (Richland) reporting a balance for the same account. *Id.* ¶ 29. Thus, Plaintiff concludes his credit score was negatively impacted by the inaccurate reporting. *Id.* ¶ 30.

Plaintiff also says it is unclear whether the debt reported by Richland in the amount of $4,475 was inclusive of or in addition to the balance reported by RC Willey. *Id.* ¶ 33. Plaintiff submits the amount of debt that an individual carries is a key factor in the calculation of that individual's credit score. *Id.* ¶¶ 39-40. Plaintiff argues financial institutions who rely on consumer credit reports and scores could view Plaintiff's erroneous credit score and come to an inappropriately adverse credit decision. *Id.* ¶ 45.

Plaintiff submits that once Richland began collecting the debt on behalf of RC Willey and started reporting the existence of the collection account, the RC Willey account should not have been included in Plaintiff's credit file. *Id.* ¶ 46. Around October 25, 2021, Plaintiff says he sent a letter to the credit reporting agencies disputing the two tradelines. *Id.* ¶ 48. Plaintiff contends the credit reporting agencies forwarded Plaintiff's correspondence to Defendants within five business days of receipt. *Id.* ¶ 53. Plaintiff says Defendants, despite being aware of the inaccurate reporting by the credit reporting agencies, did not fix the double reporting of Plaintiff's debt. *Id.* ¶¶ 55-57.

Plaintiff accuses Defendants of failing to adhere to their obligations under 15 U.S.C. § 1681s-2(b), which requires furnishers of information to conduct an investigation with respect to disputed information and, if the investigation reveals the information is incomplete or inaccurate, to report those results to all consumer reporting agencies to which the inaccurate information was reported. *Id.* ¶ 61. Plaintiff states that Defendants, despite being aware of Plaintiff's dispute, failed to

reasonably investigate or otherwise take corrective measures despite possessing relevant knowledge of the dispute. *Id.* ¶ 65. As a result of these violations, Plaintiff demands declaratory judgment, damages, costs, and attorneys' fees. *Id.* at 11-12.

IV.   **DISCUSSION**

   A.   <u>The Court Recommends Plaintiff's Motion to Amend be Denied.</u>[2]

Under Fed. R. Civ. P. 15(a)(2) courts allow parties great discretion in amending their pleadings. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted). Courts generally evaluate whether the requested leave to amend meets the standard established, which requires drawing all reasonable inferences in favor of granting motions to amend. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citation omitted). In the Ninth Circuit, Rule 15(a)(2) is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). Nonetheless, it is within the district court's discretion to determine whether to grant leave to amend. *Chappel v. Laboratory Corporation of America*, 232 F.3d 719, 725 (9th Cir. 2000).

Factors considered by the courts when determining whether to grant leave to amend include whether the: (1) moving party acted in bad faith; (2) moving party unduly delayed the request; (3) opposing party will suffer prejudice; (4) amendment is futile; and (5) plaintiff has previously amended its complaint. *Eminence Capital, LLC*, 316 F.3d at 1052. Courts exercising discretion to grant or deny a motion to amend "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted). In this case, Richland contends Plaintiff's Motion to Amend should be denied, as each *Eminence Capital* factor supports its position, whereas RC Willey argues that the Motion should be denied based only on futility. ECF Nos. 41 at 3-7, 43 at 4-13.

The Court discusses futility first because if the amendment sought by Plaintiff is futile, no other basis for denying Plaintiff's Motion seeking amendment need be considered. Futility is decided under Federal Rule of Civil Procedure 12(b)(6) that is applicable to motions to dismiss.

---

[2] The Court considered Richland's argument that the Court should treat Judge Mahan's Order granting Richland's Motion to Dismiss as one with prejudice, thus barring any future amendment. Because the Court recommends Plaintiff's Motion to Amend be denied, this issue is moot.

*Hines v. Washington Federal Bank*, Case No. 2:21-cv-01621-APG-DJA, 2022 WL 60878, at *1 (D. Nev. Jan 6, 2022) ("To determine futility, the Court applies the same standard used on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"), *citing Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998); *see also Warren v. Nevada Dep't of Corrections*, Case No. 3:17-cv-00228-MMD-WGC, 2019 WL 11093580, at *1 (D. Nev. Sept. 5, 2019) ("The standard for futility is whether the proposed amended complaint states a claim upon which relief may be granted, ... the same standard that is utilized in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

"[I]f no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense," a proposed amendment is futile. *Miller*, 845 F.2d at 214. Although futility alone can justify denying a motion for leave to amend (*Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)), "denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Cates v. Stroud*, Case No. 2:17-cv-01080-GMN-PAL, 2017 WL 11429893, at *2 (D. Nev. Oct. 26, 2017) (internal citations omitted).

The proposed amended complaint asserts one claim under 15 U.S.C. § 1681s-2(b) against Defendants. ECF No. 38-4 at 10. Under § 1681s-2(b), a furnisher of a debt cannot be held liable "simply for a failure to report that a debt is disputed." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

> The consumer must still convince the finder of fact that the omission of the dispute was misleading in such a way and to such an extent that [it] can be expected to have an adverse effect. ... In other words, a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b).

*Id.* (brackets in original, internal quotation marks and citations omitted). In sum, "a furnisher incurs liability under § 1681s–2(b) only if it fails to report a meritorious dispute." *Id. citing Saunders v. Branch Banking and Trust Company of Va.*, 526 F.3d 142, 151 (4th Cir. 2008).

In ruling on Richland's Motion to Dismiss, the Court held RC Willey and Richland each acted within their statutory obligations under the FCRA when reporting Plaintiff's debt. ECF No. 37 at 6-7. Plaintiff's original claim under § 1681s-2(b) failed as a matter of law because the tradelines disputed by Plaintiff did not constitute a meritorious dispute and, therefore, any assertion that Defendants did not conduct reasonable investigations was specious. *Id.* at 7. The Court's review of Plaintiff's proposed amended complaint reveals he failed to address this deficiency. As Plaintiff acknowledges, the key distinction between the original Complaint and the proposed amended complaint is the inclusion of the argument surrounding the automated computer algorithms used by entities in modern business environments. ECF No. 38 at 12. Plaintiff contends these algorithms might not differentiate between an original creditor reporting a balance and a third-party debt collector reporting a balance for the same account resulting in a negative impact on the consumer's ability to obtain credit. *Id.*

The question for the Court is whether RC Willey and Richland, when accurately reporting Plaintiff's debt, may nonetheless be in violation of the FCRA because a computer algorithm does not correctly interpret they are two different but related tradelines. Although the Ninth Circuit has not directly ruled on this issue, there is persuasive case law from other circuits that guides the Court's analysis. A small but growing consensus of lower courts adopt the proposition that so long as the credit information provided by a furnisher is accurate, the furnisher cannot be held liable for a possible misreading of misinterpretation of the information by a future third party—including a computer algorithm. *Krausz v. Equifax Information Services, LLC*, Case No. 21-cv-7427 (KMK), 2023 WL 1993886, at *14 (S.D.N.Y. Feb. 14, 2023); *Walker v. Trans Union LLC*, Case Nos. 20-cv-5235, 21-cv-23, 2022 WL 309434, at *2 (E.D. Pa. Feb. 2, 2022) ("[T]he plaintiffs' additional allegation fails out of the gate because their argument is that some unspecified algorithms used by 'the lending industry' will misread information that the Court has already determined is not inaccurate as a matter of law."); *O'Neal v. Equifax Information Services, LLC*, Case No. 21-cv-80968-RAR, 2021 WL 4989943, at *3 (S.D. Fla. Oct. 27, 2021) ("How third-party companies choose to utilize algorithms to decipher the accurate information reported by Defendant has no bearing on the accuracy of the report itself."). The Court finds the rationale of these decisions

persuasive and joins in their holdings. Under § 1681s-2(b), a furnisher who reported accurate information cannot be held liable for potential future misinterpretations of a plaintiff's reporting data by a third party's computer algorithm.

Here, the Court held there was nothing inaccurate about either RC Willey or Richland's reporting. ECF No. 37 at 6. Plaintiff alleges no additional facts that alter the Court's analysis of the accuracy of Defendants' reporting. Plaintiff fails to provide a single authority in support of his proposition that the hypothetical harm from a possible misinterpretation of his credit report by a computer algorithm is a basis for damages under the FCRA.[3] This failure, along with the Court's holding that no inaccurate information was reported by either Defendant and the case law cited above supports the Court's recommendation that Plaintiff's proposed amended complaint be dismissed with prejudice because Plaintiff does not allege sufficient facts to state a claim under the FCRA.

## V.  RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 38) be DENIED with prejudice.

DATED this 5th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

---

[3] The Court notes that Plaintiff cites to *Conrad v. Experian Information Solutions, Inc.*, Case No. 16-cv-04660 NC, 2017 WL 1739167, at *6 (N.D. Cal. May 4, 2017). ECF Nos. 44 at 2, 45 at 2. However, Plaintiff's reliance on *Conrad* is misplaced as the court in that case considered the possibility that a furnisher made an inaccurate omission on the plaintiff's credit report and the credit reporting agency did not follow industry standards. *Id.* Here, the Court held no inaccurate information was reported by Defendants and Plaintiff has settled with the credit reporting agencies previously named as Defendants.

1 | held that (1) failure to file objections within the specified time and (2) failure to properly address
2 | and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
3 | factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
4 | 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).