UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES SINGER,<br><br>    Plaintiff(s),<br><br>    v.<br><br>R.C. WILLEY HOME FURNISHINGS, et al.,<br><br>    Defendant(s). | Case No. 2:22-CV-291 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant RC Willey Home Furnishings's motion for judgment on the pleadings. (ECF No. 42). Plaintiff Charles Singer filed a response (ECF No. 46), to which defendant replied (ECF No. 47).

Also before the court is Magistrate Judge Elayna Youchah's report and recommendation ("R&R"). (ECF No. 51). She recommends that plaintiff's motion to amend his complaint (ECF No. 38) be denied, with prejudice. Plaintiff did not object to the R&R, and the time to do so has now passed.

I.  **Background**

As the court discussed in its order on the first motion to dismiss brought by co-defendant Richland Holdings, the instant case involves a credit reporting dispute. According to the complaint, in 2010 plaintiff opened a line of credit with defendant and incurred $1,531 in debt. (ECF No. 1). He failed to make payments on that debt, and defendant placed the account in collections with Richland, a third-party collections agency, in 2016. (*Id.*)

Five years later, in 2021, plaintiff viewed his credit reports and discovered entries ("tradelines") for both defendant and Richland. (*Id.*) Defendant's tradeline, although listed as

**James C. Mahan**
**U.S. District Judge**

"charged off," showed plaintiff owed $1,531 at one time. (*Id.*) Richland's tradeline showed a balance of $4,475, the amount that debt had grown to since placement in collections. (*Id.*) Plaintiff then sent dispute letters to the credit reporting agencies alleging that the debt should be reported on only one of the two tradelines. (*Id.*) None of the reporting agencies removed this so-called "double reporting." (*Id.*)

Plaintiff then brought this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collections Practices Act ("FDCPA") against the reporting agencies, Richland, and defendant. (*Id.*) He has since settled with the reporting agencies (ECF Nos. 29; 36), and the court dismissed the claims against Richland (ECF No. 37). Defendant now seeks judgment on the pleadings for the claim against it (ECF No. 42), and plaintiff seeks to amend his complaint to both revive the claims against Richland and bolster his claim against defendant (ECF No. 38).

**II.     Legal Standard**

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

The court typically may not consider matters outside the pleadings on a Rule 12(c) motion lest the motion be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d). But the court can consider matters properly subject to judicial notice under Federal Rule of

**James C. Mahan**
**U.S. District Judge**

Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The court can also consider documents whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

### III.     Discussion

As an initial matter, no objections were filed to Magistrate Judge Youchah's R&R. Thus, the court is not obligated to review it *de novo*. 28 U.S.C. § 636(b)(1) (requiring courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)). Therefore, the court will ADOPT the R&R in full. Plaintiff's motion to amend his complaint is DENIED, with prejudice.

In light of that, the court will also GRANT defendant's motion for judgment on the pleadings and dismiss the remaining claim against defendant with prejudice. Plaintiff's opposition to the motion is based entirely on the assumption that the court would grant his motion to amend and argues that the amended complaint remedies the deficiencies that led the court to partially dismiss the original complaint. He fails to make any argument at all that differentiates defendant from Richland in the original complain, or that the court's reasoning in the order on the original motion to dismiss should not also apply to defendant.

The court is not plaintiff's lawyer, nor will it invent arguments for him that he did not make. See *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments."). Indeed, plaintiff's failure to present any argument at all as to sufficiency of his original complaint constitutes consent to

James C. Mahan
U.S. District Judge

granting of defendant's motion on the basis of that argument. *See* LR 7-2(d); *Hansen v. Albertsons Companie*s, LLC, No. 2:19-cv-02050-JAD-EJY, 2020 WL 7711920, at *5 (D. Nev. Dec. 28, 2020) ("The failure-to-oppose rule [in Local Rule 7-2(d)] applies equally to specific arguments made in moving papers.").

Plaintiff's complaint (as to both Richland and defendant) is based on the premise that reporting the debt on separate tradelines is inaccurate. As the court determined once before and now reiterates, it is not as a matter of law. The court has already found that "there is nothing misleading or inaccurate about the two tradelines," it is "clear" that they "refer to the same debt," and "no one would be misled into believing they are two separately collectible, currently owing debts." (ECF No. 37 at 6–7). That conclusion applies with equal force to defendant.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Youchah's R&R (ECF No. 51) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's motion to amend his complaint (ECF No. 38) be, and the same hereby is, DENIED, with prejudice.

IT IS FURTHER ORDERED that defendant's motion for judgment on the pleadings (ECF No. 42) be, and the same hereby is, GRANTED. Plaintiff's remaining claim is DISMISSED, with prejudice.

The clerk is instructed to close this case.

DATED June 26, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**